[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13285
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:10-cv-00098-SPM-WCS

BENJAMIN N. MOOTS,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
SANDEEP RAHANGDALE,
T. BLANKENSHIP,
LARRY A. BAKER,

Defendants-Appellees,

JEREMY VAUGHAN,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 2, 2011)

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Benjamin N. Moots, a state prisoner, appeals <u>pro se</u> the dismissal of his complaint that prison officials Walter McNeil, Sandeep Rahangdale, Tammy Blankenship, and Larry Baker violated his civil rights under the Eighth Amendment. 42 U.S.C. § 1983. The district court ruled that the prison officials had not been deliberately indifferent to Moots's medical condition. We affirm.

Moots's complaint fails to allege that he has a serious medical condition or, even assuming that his condition is serious, that prison officials have been indifferent to Moots's medical needs. After Moots was imprisoned, he was diagnosed with gynecomastia, a condition that causes an enlargement of male breast tissue. Moots "received medical test[s] to determine" if "there [had been] an underlying cause for his condition" and if he had cancer, but the tests revealed Moots's gynecomastia requires only cosmetic treatment. Moots's "'medical need [is not] one that, if left unattended, poses a substantial risk of serious harm.'" <u>Mann v. Taser Intern., Inc.</u>, 588 F.3d 1291, 1307 (11th Cir. 2009) (quoting <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003)). Moots has received ibuprofen for pain and "psychiatric treatment" to combat his "emotional suffering, depression, anxiety," and problems with his self-image, and prison officials have housed him

in a segregation unit to prevent any potential mistreatment by fellow inmates. Moots requested a mastectomy, but prison officials required that Moots first undergo a mammogram, which Moots refused. Moots's disagreement with the course of treatment provided by the prison officials does not "support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

The dismissal of Moots's complaint is **AFFIRMED**.